NO.  20-30397

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

The Paradies Shops, LLC
                                    Plaintiff/Appellant

VERSUS

Brothers Petroleum, LLC
                                    Defendant/Appellee

_____

On Appeal from the United States District Court
Eastern District of Louisiana
_____

**MOTION TO DISMISS APPEAL
FOR LACK OF FEDERAL APPELLATE JURISDICTION
AND TO DISMISS EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Respectfully submitted:

**JOSEPH V. DIROSA, JR.**
LOUISIANA STATE BAR NO. 4959
329 NORTH WOODLAWN AVENUE
METAIRIE, LA 70001
TELEPHONE: (504) 289-2739
FACSIMILE: (504) 218-7035
EMAIL: JDIROSA1@COX.NET
ATTORNEY FOR DEFENDANT/APPELLEE
    BROTHERS PETROLEUM, LLC

The Paradies Shops, LLC v. Brothers Petroleum, LLC, No. 20-30397

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record for Defendant-Appellee, Brothers Petroleum, LLC ("Brothers") submits the following Certificate of Interested Persons pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 28.2.1 of the Rules of the United States Court of Appeals for the Fifth Circuit.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

1.    The Paradies Shops, LLC (Appellant)

2.    Paradies Holding, LLC (parent company of Appellant)

3.    Peter N. Hall (counsel for Appellant)

4.    L. Bradley Hancock (counsel for Appellant)

5.    Holland & Knight LLP (counsel for Appellant)

6.    Brothers Petroleum, LLC (Appellee)

7.    Imad F. Hamdan (Sole member of Appellee)

8.    Joseph V. DiRosa, Jr. (counsel for Appellee)

9.    Hon. Ivan L.R. Lemelle (Senior United States District Judge)

10.    Michael E. Botnick (Arbitrator)

11.    American Arbitration Association (arbitration venue)

Respectfully submitted:

/s/ Joseph V. DiRosa, Jr.
**JOSEPH V. DIROSA, JR.**
LOUISIANA STATE BAR NO. 4959
329 NORTH WOODLAWN AVENUE
METAIRIE, LA 70001
TELEPHONE: (504) 289-2739
FACSIMILE: (504) 218-7035
EMAIL: JDIROSA1@COX.NET
ATTORNEY FOR DEFENDANT/APPELLEE
      BROTHERS PETROLEUM, LLC

# **TABLE OF CONTENTS**

I.    **MOTION TO DISMISS APPEAL FOR LACK OF FEDERAL APPELLATE JURISDICTION AND TO DISMISS EMERGENCY MOTION FOR INJUNCTIVE RELIEF** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

II.   **APPELLATE JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

III.  **GROUNDS FOR DISMISSAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **1**

IV.  **PARADIES'S REQUEST FOR INJUNCTIVE RELIEF UNDER THE ALL WRITS ACT DOES NOT CONFER FEDERAL APPELLATE JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . **3**

V.    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **5**

# TABLE OF AUTHORITIES

## CASES

*Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) . . . . . . . . 1

*Clinton v. Goldsmith*, 526 U.S. 529, 537, (1999) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ex parte Fahey*, 332 U. S. 258, 259-260 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*F.C. Schaffer & Associates, Inc. v. Demech Contractors, Ltd.*,
        101 F.3d 40, 41 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Ilva (USA), Inc. v. Alexander's Daring M/V*, 10 F.3d 255 (5th Cir.1993). . . . . . . . 3

*In re Peterson*, 253 U.S. 300, 312 (1920) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1362 n. 20 (5th Cir.1978) . . . . . 5

*Kerr v. United States Dist. Court for Northern Dist. of Cal.*,
        426 U. S. 394, 403 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McDermott Int'l, Inc. v. Underwriters at Lloyds Subscribing
        to Memorandum of Ins. No. 104207*, 981 F.2d 744 (5th Cir.1993). . . . . . . . 3

*Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . 5

*Pennsylvania Bureau of Corr. v. United States Marshals Serv.*,
        474 U.S. 34, 43 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Purdy v. Monex Int'l Ltd.*, 867 F.2d 1521 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . 3

*Sphere Drake Ins. PLC v. Marine Towing, Inc.*,
        16 F.3d 666, 667-68 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
        867 F.2d 1518, 1520 (5th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp.*,
981 F.2d 749 (5th Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Will v. United States*, 389 U.S. 90, 95 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATUTES

9 U.S.C. § 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9 U.S.C. § 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

28 U.S.C §1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

28 U.S.C. § 1651 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.            **MOTION TO DISMISS APPEAL**
**FOR LACK OF FEDERAL APPELLATE JURISDICTION**
**AND TO DISMISS EMERGENCY MOTION FOR INJUNCTIVE RELIEF**

Mover/Appellee, Brothers Petroleum, LLC ("Brothers") respectfully moves this Honorable Court, to dismiss the appeal filed herein by Plaintiff/Appellant, The Paradies Shops, LLC ("Paradies"), as this Court lacks federal appellate jurisdiction for the reasons cited herein.

Prior to the filing of this motion, undersigned counsel did contact counsel for Paradies, who indicated that Paradies intends to file an opposition to this motion.

II.            **APPELLATE JURISDICTION**

The right to a federal appeal exists only to the extent granted by Congress. Federal appellate courts have an independent obligation to confirm the presence of their jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).

III.            **GROUNDS FOR DISMISSAL**

Plaintiff/Appellant, Paradies has instituted this appeal claiming it is aggrieved by the ruling of District Judge Ivan Lemelle in denying Paradies's request for injunctive relief to stay an active arbitration proceeding between the parties.

The Order denying Paradies's request was entered by District Judge Lemelle on June 22, 2020 (Rec. Doc. 46).

1

Paradies additionally filed herein an Emergency Motion for Injunctive Relief seeking to have this Honorable Court stay, pending appeal, the arbitration proceeding which the District Judge has declined to stay.

Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, specifically precludes this Court's jurisdiction, by providing, in pertinent part:

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order —

(4) refusing to enjoin an arbitration that is subject to this title.

As this Court noted in *Turboff v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 867 F.2d 1518, 1520 (5th Cir. 1989):

> "This language was intended to permit interlocutory appeals of orders favoring litigation over arbitration while precluding our jurisdiction to review an interlocutory order that either: (1) stays an action in court pending arbitration, (2) directs or compels arbitration, or (3) refuses to enjoin an arbitration governed by the Federal Arbitration Act. Committee on the Judiciary, 100th Cong., 2D Sess., Section by Section Analysis on S. 1482 Sec. 134 Cong.Rec. S16309 (1988).

The FAA prohibits appeals from interlocutory orders compelling arbitration, but permits appeals from final orders compelling arbitration. *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 667-68 (5th Cir. 1994). An order is final that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *F.C. Schaffer & Associates, Inc. v. Demech Contractors, Ltd.*, 101 F.3d 40,

2

41 (5th Cir. 1996) .

The Fifth Circuit determined in *F.C. Schaffer & Associates, supra*, that a preliminary injunction motion which raises the issue of arbitrability within the broader context of a declaratory judgment action, as is the case herein, does not amount to a final appealable order. 101 F.3d 43. (Citing *Ilva (USA), Inc. v. Alexander's Daring M/V*, 10 F.3d 255 (5th Cir.1993); *West of England Ship Owners Mut. Ins. Ass'n v. American Marine Corp.*, 981 F.2d 749 (5th Cir.1993); *McDermott Int'l, Inc. v. Underwriters at Lloyds Subscribing to Memorandum of Ins. No. 104207*, 981 F.2d 744 (5th Cir.1993); *Purdy v. Monex Int'l Ltd.*, 867 F.2d 1521 (5th Cir. 1989)).

That the ruling of District Judge Lemelle does not amount to a final appealable order is further evidenced by the Court's denial of the preliminary injunction "without prejudice to claims that may exist or arise based on breach of contract and/or fraud," its contemporaneous order to Brothers to file an out-of-time answer by June 22, 2020 (Rec. Doc. 46), as well as by the recent issuance by the District Court of a Scheduling Conference Notice (Rec. Doc. 49) for July 10, 2020.

## IV.     PARADIES'S REQUEST FOR INJUNCTIVE RELIEF UNDER THE ALL WRITS ACT DOES NOT CONFER FEDERAL APPELLATE JURISDICTION

Similarly, Paradies's claim that jurisdiction is granted to the Court pursuant to

28 U.S.C. § 1292(a)(1) as a result of the District Court's denial of injunctive relief requested under the All Writs Act, 28 U.S.C. § 1651(a), is without merit. ROA 18-20.

The All Writs Act 28 U.S.C. § 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The All Writs Act has been described as a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U. S. 258, 259-260 (1947). Only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy. *Will v. United States*, 389 U.S. 90, 95 (1967).

The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.

Thus, the Supreme Court's has listed the first requirement for application of that extraordinary remedy as being that "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires," a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process, *Fahey, supra*, 332 U.S. 258, 260 (citing *Kerr v. United States Dist. Court for Northern Dist. of Cal.*, 426 U. S. 394, 403 (1976)).

4

Where a statute specifically addresses the particular issue at hand, in this case 9 U.S.C. § 16, it is that authority, and not the All Writs Act, that is controlling. *Pennsylvania Bureau of Corr. v. United States Marshals Serv.,* 474 U.S. 34, 43 (1985); *see also Clinton v. Goldsmith,* 526 U.S. 529, 537, (1999) (holding that an injunction under the All Writs Act is an extraordinary remedy that "invests a court with a power that is essentially equitable and, as such, not generally available to provide alternatives to other, adequate remedies at law").

The Fifth Circuit has not strayed from the Supreme Court's dictate:

> "[c]ourts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties." *In re Peterson*, 253 U.S. 300, 312 (1920). "Action taken by a federal court in reliance on its inherent powers must somehow be indispensable to reaching a disposition of the case." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1362 n. 20 (5th Cir.1978).

*Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015)

Hence, the notion that 28 U.S.C. § 1292(a)(1) provides appellate jurisdiction over an order denying relief under the All Writs Act is not applicable as a method for bypassing the exclusion of appellate jurisdiction provided in 9 U.S.C. 16.

## V.                                   CONCLUSION

For the reasons cited above, this Honorable Court does not possess federal appellate jurisdiction in this matter.

As such, both the appeal filed by The Paradies Shops, LLC, and the ancillary

Emergency Motion for Injunctive Relief,[1] must be dismissed.

Respectfully submitted:

/s/ Joseph V. DiRosa, Jr.
**JOSEPH V. DIROSA, JR.**
LOUISIANA STATE BAR NO. 4959
329 NORTH WOODLAWN AVENUE
METAIRIE, LA 70001
TELEPHONE: (504) 289-2739
FACSIMILE: (504) 218-7035
EMAIL: JDIROSA1@COX.NET
ATTORNEY FOR DEFENDANT/APPELLEE
     BROTHERS PETROLEUM, LLC

---

[1] The "emergency" cited by Appellant is a concern that the Arbitrator would allow the Brothers to file a motion for summary disposition of the arbitration. The request by Brothers to file such a motion has since been denied by the Arbitrator.

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I served by email a copy of the foregoing motion on opposing counsel and also filed it with the Clerk of Court using the Appellate CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

L.Bradley Hancock
HOLLAND & KNIGHT LLP
1100 Louisiana Street, Suite 4300
Houston, TX 77002
Phone: (713) 244-6868
Email: brad.hancock@hklaw.com

Peter N. Hall
HOLLAND & KNIGHT LLP
1180 West Peachtree Street, NE  Suite 1800
Atlanta, GA 30305
Phone: (404) 817-8412
Email: peter.hall@hklaw.com


*/s/ Joseph V. DiRosa, Jr.*
JOSEPH V. DIROSA, JR.

## CERTIFICATE OF COMPLIANCE WITH FRAP RULE 27

1.     This brief complies with the type-volume limitation of Fed. R. App.

P. 27 because:

_X__  this brief contains 2,012 words, excluding the parts of the motion

excluded by Fed. R. App. P. 27(a)(2)(B);

2.     This brief complies with the typeface and type style requirements of

Fed. R. App. P. 27(d)(1)(E) because:

_X__  this brief has been prepared in a proportionally spaced typeface using

WordPerfect X9 in 14-point Times New Roman font.

/s/ Joseph V. DiRosa, Jr.
JOSEPH V. DIROSA, JR.
Attorney for Brothers Petroleum, LLC
Dated: July 6, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PARADIES SHOPS, LLC                           CIVIL ACTION

VERSUS                                        NO. 20-1278

BROTHERS PETROLEUM, LLC                       SECTION "B"(3)

ORDER

Considering plaintiff's motion for preliminary injunction
(Rec. Doc. 27), defendant's response in opposition (Rec. Doc. 32),
plaintiff's reply (Rec. Doc. 39), and oral argument held before
this Court on June 17, 2020, wherein the court found the existence
of a contract between the parties that requires arbitration,

IT IS ORDERED that the motion for preliminary injunction is
DENIED, without prejudice to claims that may exist or arise based
on breach of contract and/or fraud;

IT IS FURTHER ORDERED that, for additional oral reasons given
during the recent hearing, counsel for the defendant shall file an
out-of-time response to the complaint no later than JUNE 22, 2020.

New Orleans, Louisiana this 19th day of June 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PARADIS SHOPS, LLC**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 20-1278**

**BROTHERS PETROLEUM, LLC**                              **SECTION: B (3)**


## SCHEDULING CONFERENCE NOTICE

A **SCHEDULING CONFERENCE** will be held **BY TELEPHONE** on **July 10, 2020, at 10:15 a.m. CDST** for the purpose of scheduling a pre-trial conference and trial on the merits and for a discussion of the status and discovery cut-off dates.

**All parties are to call into the conference call at 1-888-557-8511, Access Code: 5654551**

The Court will be represented at the conference by its Courtroom Deputy Clerk. **TRIAL COUNSEL** are to participate in this conference.   If, however, you are unable for good cause to do so, another attorney in your firm may participate if acquainted with all details of the case and authorized to enter into any necessary agreements.   If for good cause neither is possible, you must file a Motion and Order to Continue at least one week prior to the above date.

**DO NOT CONTACT CHAMBERS ABOUT THIS NOTICE**.   **ALL INQUIRIES SHOULD BE MADE WITH THE COURTROOM DEPUTY CLERK AT (504) 589-7682.**

## NOTICE
**COUNSEL ADDING NEW PARTIES SUBSEQUENT TO THE MAILING OF THIS NOTICE SHALL NOTIFY SUCH NEW PARTY TO APPEAR AS REQUIRED BY THIS NOTICE.**

**IF BOTH SIDES AGREE THAT IT IS PREMATURE TO DO A RULE 16 SCHEDULING CONFERENCE AND UPON GOOD CAUSE SHOWN, THE COURT MAY CONSIDER A JOINT REQUEST TO STATISTICALLY CLOSE THE CASE AND CANCEL THE RULE 16 CONFERENCE, PROVIDED A WRITTEN JOINT REQUEST IS SUBMITTED TO THE COURT WITHIN TEN DAYS AFTER ISSUANCE OF THIS NOTICE.**

                                   **Issued by:   Kimberly A. County**
                                   **Courtroom Deputy Clerk, Section B**
                                   **(504) 589-7682**
                                   **June 29, 2020**

## IMPORTANT NOTICE TO COUNSEL

**NOTICE OF COMPLIANCE WITH Fed. R. Civ. P. 26(a)(1) AND 26(f) and Local Rule 26 and the corporate disclosure requirement of F.R.C.P. 7.1.**

**COUNSEL ARE TO COMPLY WITH THE DISCLOSURE REQUIREMENTS OF RULE 26(a)(1) AND 26(f). COUNSEL ARE TO BE PREPARED TO ANSWER THE FOLLOWING QUESTIONS CONCERNING DISCLOSURE.**

1. **Have all parties completed your Rule 26(a)(1) mandatory initial disclosures?**

2. **Have all parties stipulated that initial disclosures under Rule 26(a)(1) will <u>not</u> be made in this case?**

3. **Do any of the parties object to making Rule 26(a)(1) initial disclosures in this case?**

4. **Have the corporate parties filed their corporate disclosure statements?**